1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STEVEN GOLDEN,

    Defendant.

Case No. 2:08-cr-00164-KJD-GWF
2:12-cv-01752-KJD-GWF

**ORDER**

Presently before the Court is Steven Golden's ("Defendant") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#291). The Government filed a response in opposition (#316) to which Defendant replied (#322). Defendant also filed a Motion for Leave to File Affidavits in Support of Motion under 28 U.S.C. 2255 (#292).

I. Background

In September 2007, The U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") opened an undercover storefront operation in Las Vegas (#219 at 55–56). The storefront was used by the ATF to identify dangerous individuals and propose to these individuals a dangerous criminal opportunity (#219 at 55, 59). Upon identifying dangerous individuals, ATF Agent Zayas ("Zayas") would pose as a disgruntled drug courier and would present an opportunity to rob a drug "stash

1   house" and split the proceeds (# 219 at 59). Zayas emphasized the dangerous nature of the robbery to

2   ensure that only the most committed individuals would pursue the opportunity (#221 at 229).

3          The ATF identified Deonte Reed ("Reed") as a dangerous individual after Reed sold a stolen

4   handgun to Agent McCarthy (#219 at 57, 58). Over the course of two months, Reed met with Zayas

5   several times, agreed to rob the stash house, and agreed to provide a crew who would help (#221 at

6   215-218, 238). After their agreement, Reed met with Zayas multiple times with various members of

7   his crew for an additional month leading up to the purported robbery (#221 at 221, 229, 238).

8   However, Defendant did not attend these meetings. At each meeting, Zayas explained the scenario

9   and gave an opportunity to back out of the robbery (#221 at 232). On May 15, 2008, for the first

10  time, Defendant met ATF Agents Zayas, McCarthy, and Gomez (#221 at 239). This meeting's

11  purpose was to drive to the stash house and engage in the purported robbery (#221 at 239). The

12  agents described the scenario again and made sure that each member of the crew understood exactly

13  what was going to happen (#221 at 117–18, 245–46). After explaining the scenario, Zayas asked

14  Defendant, "is that cool?" (#221 at 245–46). Defendant responded "yeah" (#221 at 252). Defendant

15  expressed no surprise, did not ask to back out and made no attempt to leave (#221 at 251–53).

16         Zayas, Reed, and his crew, including Defendant, drove to a staging area (#221 at 254–55).

17  When they arrived at the staging area, Reed, Defendant, and the rest of the crew were arrested (#221

18  at 259–60). In December of 2009, Defendant was convicted by a jury of conspiracy to possess with

19  intent to distribute cocaine and possession of a firearm in furtherance of a drug trafficking crime

20  (#130). Defendant appealed and the Ninth Circuit affirmed the jury verdict. See United States v.

21  Spentz et al., 653 F.3d 815 (9th Cir. 2011). In October 2012, Defendant, acting pro se, filed the

22  present motion, alleging thirteen counts of ineffective assistance of counsel (#291). Construing the

23  complaint liberally, as the Court must, the allegations have been consolidated to the seven counts

24  below. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

25  //

26  //

2

II. Standard of Review

To establish ineffective assistance of counsel, a defendant must show both deficient performance of counsel and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. at 689. A tactical decision by counsel with which the defendant disagrees cannot form the basis of an ineffective assistance claim. Id.; Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir. 1984). Rather, a movant must establish that failure to pursue the tactic was "outside the wide range of professionally competent assistance." United States v. Houtchens, 926 F.2d 824, 828 (9th Cir. 1991).

To show prejudice, a defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The defendant must state specific facts that – but for counsel's deficient performance – would have likely produced a more favorable result. James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994). The defendant does not prove prejudice by: (1) listing the things he thinks his attorney should have done; and (2) speculating that, had he done them, there might have been a different outcome. See Gonzalez v. Knowles, 515 F.3d 1006, 1015–16 ("Gonzalez does not contend that he actually suffered from a mental illness; he merely argues that *if* tests had been done, and *if* they had shown evidence of some brain damage or trauma, it *might have* resulted in a lower sentence. Such speculation is plainly insufficient to establish prejudice"). There is no need to evaluate counsel's performance if the defendant fails to show his defense was prejudiced by counsel's alleged errors. Strickland, 466 U.S. at 697.

//

//

//

//

3

III. Analysis

    A. Alleged Failure of Trial Counsel to Conduct an Investigation Prior to the Trial and Failure to Investigate Applicable Law on Entrapment

Defendant contends that his attorney conducted an improper and inadequate investigation (#291 at 4). However, Defendant has not alleged what his attorney could have done differently or how an investigation would have produced a favorable result. He merely speculates that a more thorough investigation would have resulted in a different outcome (#291 at 4), which is insufficient to sustain an ineffective assistance of counsel claim. Gonzalez, 515 F.3d at 1015–16.

Defendant's counsel was not ineffective for failing to conduct a more thorough investigation before proceeding to trial because Defendant has not shown how a more in depth investigation would have changed the outcome of the trial. Defendant's counsel was not ineffective for allegedly failing to investigate applicable law on entrapment because he submitted a proper inducement jury instruction and his entrapment argument had been made by other attorneys. See United States v. Williams, 547 F.3d 1187, 1197 (9th Cir. 2008).

Further, Defendant has alleged that counsel significantly misinterpreted the inducement element of the entrapment defense (#291 at 13). Inducement occurs when the government motivates an individual, through non-criminal motivations, to engage in criminal activity . United States v. Spentz, 653 F.3d 815, 820 (9th Cir. 2011); see also United States v. Poehlman, 217 F.3d 692, 701 (9th Cir. 2000) (explaining that an undercover agent who "played on Poehlman's obvious need for an adult relationship, for acceptance of his sexual proclivities and for a family" to induce him to commit a crime constituted inducement). However, when the individual is motivated by a reward that is a direct result of the criminal action, such as the proceeds from a robbery, the government has not induced the individual to commit the crime. See, e.g., United States v. Black, 543 Fed. Appx. 664, 668 (9th Cir. 2013). Defendant's counsel properly submitted to the Court an inducement jury instruction (#98 at 4) as reflected in Spentz. 653 F.3d at 820.  Further, Defendant has stated no specific facts as to how he was prejudiced by the alleged misinterpretation or how a correct interpretation of the inducement

4

1   element would have changed the outcome of the case. In fact, the inducement argument that counsel

2   made had been argued by other attorneys previously. <u>Williams</u>, 547 F.3d at 1197. Clearly,

3   Defendant's counsel understood inducement and his inducement argument was within the realm of

4   reasonable representation.

5        Defendant has not proven that his counsel's actions were outside the realm of reasonable

6   representation and has not proven how his counsel's actions prejudiced his defense. Therefore,

7   Defendant's counsel was not ineffective for any failure to investigate further.

8        B. Alleged Failure to Request a FED. R. EVID. 615 Sequester

9        Defendant's counsel was not ineffective for failing to attempt to exclude ATF Agent Mark

10   Gomez from the courtroom during the trial.  FED. R. EVID. 615 provides for the exclusion of

11   witnesses at trial under certain circumstances.  FED. R. EVID. 615(b) and Ninth Circuit case law

12   provides an exception for the government's officers from being excluded from court. <u>See, e.g.</u>, <u>United</u>

13   <u>States v. Thomas</u>, 835 F.2d 219, 222–23 (9th Cir. 1987) (holding that government agents are exempt

14   from the witness exclusion rule).

15        Defendant alleges that his counsel was ineffective because he failed to attempt to exclude

16   Agent Gomez from the courtroom and therefore was subjected to an unfair trial (#291 at 6). At trial,

17   the prosecutor identified Gomez as the case agent and this Court permitted him to remain in the

18   courtroom (#219 at 13).

19        Because Gomez was exempt from exclusion, Defendant's counsel was not ineffective for

20   failing to invoke Rule 615 to attempt to exclude Gomez from the courtroom. <u>See</u> <u>Baumann v. United</u>

21   <u>States</u>, 692 F.2d 565, 572 (9th Cir. 1982) ("The failure to raise a meritless legal argument does not

22   constitute ineffective assistance of counsel").

23        C. Alleged Failure to Prepare an Alternate Translation or Retain an Expert to Review or

24        Transcribe Government's May 2008 Audiotape Recording

25        Defendant's counsel was not ineffective for failing to prepare an alternative translation or for

26   failing to retain an expert to transcribe Government's May 2008 audiotape recording because

5

1  Defendant's claims are mere speculation and unsupported by the record. Defendant claims his counsel

2  should have "prepare[d] an alternative translation"; "object[ed] to the introduction/use of" the

3  government's transcript; and "secure[d] an expert to review/transcribe" the audiotape (#291 at 7, 8,

4  11).

5       Despite his claims, Defendant has not alleged any facts that would bolster his claims. He does

6  not show any error in the Government's transcription of the recording or make any claim how an

7  alternative transcription would have changed the outcome of his case. Also, Defendant does not show

8  how an objection to the use of the tape would have changed the outcome of the case, or even if there

9  was a reasonable basis for his attorney to make such an objection. His claims are mere speculation and

10  do not amount to ineffective assistance of counsel.

11       Defendant's factual arguments are that his voice was not on the tape because he never left the

12  car at the May 15 meeting and that the transcription had been tampered with (#222 at 606, 665; #291

13  at 7). Agent Zayas testified to the conversation included on the tape and that it was Defendant who

14  uttered "yeah" when Zayas  asked "is that cool?" (#221 at 252, 312). Agent Zayas also testified that

15  the transcript changed because an earlier draft left some speakers unidentified who were later

16  identified (#221 at 312 –315).  The jury also heard the audiotape (#221 at 248-254). This Court

17  appropriately left to the fact finder, the jury, the task of resolving the factual conflict. See United

18  States v. Magallon-Jimenez, 219 F.3d 1109, 1114 (9th Cir. 2000). Defendant has not proven that the

19  jury was  prejudiced by his counsel's purported ineffectiveness.

20       D. Alleged Failure to Interview Witnesses or Call Witnesses at Trial

21       Defendant's counsel was not ineffective for failing to interview government agents for his

22  entrapment defense because no government agents spoke to Defendant prior to the May 2008 robbery

23  attempt. Also, Defendant's counsel was not ineffective for not calling Reed as a defense witness at

24  trial because counsel's decision was a tactical decision well within the wide realm of professionally

25  competent assistance.  Entrapment has two elements: (1) The defendant was induced to commit the

26

6

1  crime by a government agent; and (2) he was not otherwise predisposed to commit the crime." United

2  States v. Barry, 814 F.2d 1400, 1401 (9th Cir. 1987).

3         Defendant previously asserted that no government agent spoke to him prior to May 15, 2008

4  and even denies speaking to government agents on May 15 (#222 at 606, 665). He further claims he

5  was prejudiced by his counsel's purported failures, but fails to provide evidence supporting his claim.

6  Defendant's entrapment defense would have failed at the outset if his claim of never speaking to

7  government agents was true, as interacting with a government agent is an essential part of the

8  inducement prong of the entrapment defense. Barry, 814 F.2d at 1401. The government agent must

9  have motivated Defendant to commit the crime. Id. Thus, if Defendant never interacted with a

10 government agent, he could not have been induced. Further, Defendant never named any government

11 agents who counsel could interview to support Defendant's claims.  Defendant essentially speculates

12 that there are unnamed government agents who could possibly be interviewed by counsel and if they

13 could be interviewed, they would support his claim. Therefore, Defendant's counsel was not

14 ineffective for allegedly failing to interview unnamed government agents who could support

15 Defendant's case.

16        Defendant further argues that his counsel was ineffective for failing to call Reed to the stand.

17 Defendant's counsel stated in an affidavit that he did not call Reed as a defense witness because

18 counsel decided Reed would not lend credibility to Defendant's defense (#316, Ex. 1 at 1). Counsel

19 noted that Reed was under indictment for the same charges and would have either incriminated

20 himself or invoked his Fifth Amendment rights. Id. Counsel's decision was clearly tactical and was

21 within the "wide range of professionally competent assistance." Houtchens, 926 F.2d at 828.

22 E. Alleged Failure in Plea Negotiations and Pleadings

23        Defendant's counsel was not ineffective for his alleged failures in the plea negotiations and

24 pleading stages because Defendant is not credible and his claims are palpably incredible. A district

25 court may deny a section 2255 motion without a hearing if the Defendant's allegations, viewed

26 against the record, are so palpably incredible or frivolous as to warrant summary dismissal. See

7

1   United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989). Further, no hearing is necessary when

2   credibility can be conclusively decided on the basis of documentary testimony and evidence on the

3   record. Shah v. United States, 878 F.2d 1156, 1160 (9th Cir. 1989).

4       Defendant's allegations that counsel failed in plea negotiations and during the pleading stages

5   are contradicted by an affidavit from counsel and are unsupported by any other fact in the record.

6   Defendant claims that he was told by counsel that counsel would not allow Defendant to take a guilty

7   plea, that counsel guaranteed he would win the case, and that Defendant was going to be acquitted

8   (#291 at 2, 19, 21). Defendant's allegations are contradicted by Defendant's counsel's affidavit.

9   Defendant's counsel states that he brought Defendant a plea, that he could not guarantee Defendant

10  an acquittal, or guarantee a win at trial (#316, Ex. 1 at 1–2). Instead, Defendant's counsel states that

11  Defendant was not interested in a plea bargain (#316, Ex. 1 at 1). Further, the Court notes that

12  Defendant already committed perjury at trial (#250 at 4–5). Defendant's credibility is suspect.

13  Further, the claims that an attorney would guarantee a win and refuse to let his client take a plea

14  bargain are palpably incredible. See United States v. Rashid, 2010 WL 1486495 at *5 (E.D. Cal, April

15  13, 2010) (holding that a prisoner claiming that his attorney would guarantee the prisoner a specific

16  sentence was palpably incredible).

17      F. Alleged Failure for not Challenging the Sufficiency of the Evidence or Fully Briefing

18      Inducement on Appeal

19      Defendant's counsel was not ineffective for failing to appeal the sufficiency of the evidence

20  because challenging the sufficiency of the evidence on appeal would likely have failed. Also,

21  Defendant's counsel was not ineffective for failing to fully brief inducement on appeal because

22  Defendant's counsel's inducement argument to the Ninth Circuit was well within the wide range of

23  professionally competent assistance.  The sufficiency of the evidence test is highly deferential to the

24  district court. See United States v. Terry, 911 F.2d 272 (9th Cir. 1990). The "test is whether the

25  evidence and all reasonable inferences which may be drawn from it, when viewed in the light most

26  *favorable to the government*, sustain the verdict." Id. at 278 (emphasis added). The jury verdict

1   controls any conflict of evidence and all reasonable inferences are drawn in the government's favor.

2   United States v. Alvarez-Valezuela, 231 F.3d 1198, 1201-02 (9th Cir. 2000).

3          At the close of the Government presenting their case, Defendant made a motion for judgment

4   of acquittal (#222 at 505). This Court found that "a reasonable jury on the evidence thus far adduced

5   could find the defendants guilty on each of the three counts with which they are charged." Id.

6   Although Defense Counsel presented Defendant's case, the jury still found Defendant guilty (#130).

7   Further, if sufficiency of the evidence was argued to the Ninth Circuit, that court would have made

8   inferences even more favorable to the government than those of the jury and would not likely have

9   overturned for a verdict based on a claim of insufficient evidence. Therefore, Defense counsel was

10  well within the realm of reasonable representation by not advancing a meritless argument before the

11  Ninth Circuit. Baumann, 692 F.2d at 572.

12         Further, on appeal, Defendant's counsel raised two grounds for a reversal. He made both a

13  factual and legal claim. His legal claim, that Defendant was induced by the large potential reward

14  represented by the drugs and money, was rejected by the Ninth Circuit. United States v. Spentz, 653

15  F.3d 815, 819 (9th Cir. 2011). However, this argument was neither frivolous, nor outside the realm of

16  professionally competent assistance because the Ninth Circuit has recently cast some disapproval on

17  similar stash house operations. See e.g., United States v. Briggs, 623 F.3d 724, 729–30 (9th Cir.

18  2010). In fact, other attorneys have raised similar entrapment defenses indicating that such

19  representation is within the realm of professionally competent assistance. See, e.g., Williams, 547

20  F.3d at 1197.

21         Thus, Defendant's counsel was not ineffective because challenging the sufficiency of the

22  evidence on appeal would likely have failed and Defendant's counsel's argument to the Ninth Circuit

23  was well within the wide range of professionally competent assistance.

24         G. Alleged Failure at Sentencing

25         Defendant's counsel was not ineffective for failing to object to a sentencing enhancement

26  because such a claim is unsupported by the facts. Defendant claims that his attorney was ineffective

9

because he failed to object to a sentencing enhancement (#291 at 27). However, the record indicates that Defendant's attorney in fact objected to part of the sentencing enhancement, which the Court overruled (#177 at 2; #250 at 4–5). Defendant also claims that if his counsel objected to the entire enhancement then it may have resulted in a lower sentence. However, he offers no facts or evidence to show how an objection could have caused a different sentence. Defendant's argument amounts to speculation and is insufficient to sustain an ineffective assistance of counsel claim. Gonzalez, 515 F.3d at 1015.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Leave to File Affidavits in Support of Motion under 28 U.S.C. 2255 (#292) is **GRANTED**;

IT IS FURTHER ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#291) is **DENIED**.

DATED this 19th day of June 2014.

Kent J. Dawson
United States District Judge

10