Rene L. Valladares
Federal Public Defender
Nevada State Bar No. 11479
Heidi A. Ojeda
Assistant Federal Public Defender
Nevada State Bar No. 12223
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
Heidi_Ojeda@fd.org

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>    v.<br><br>Steven Golden,<br><br>        Defendant. | Case No. 2:08-cr-00164-KJD-GWF-3<br><br>**Order Granting Motion to Terminate Supervision**<br>**(ECF Nos. 513, 514, 516, 519)** |

      Presently before the Court is Defendant's Motion to Appoint Counsel (ECF No. 513). Having reviewed the defendant's financial affidavit, the court **GRANTS** the motion and **ORDERS** that Assistant Federal Public Defender Heidi A. Ojeda is appointed to assist in the defendant's supervised release matter before the court.

      Also before the court is a motion for leave to file the defendant's financial affidavit under seal (ECF No. 514). The need to keep the defendant's full financial information sealed outweighs the public's interest in disclosure and access to court records. *See Kamakana v. City and Cnty. of Honolulu, 447 F.3d 117879 (9th Cir. 2006)*. Accordingly, the court **GRANTS** defendant's motion to seal (ECF No. 514)

      Also before the court is defendant's Motion for Early Termination of Supervised Release (ECF No. 516). The United States has filed a Response (ECF No. 518) stating that both it, and the United States Probation Office, are deferring to the Court.

A district court enjoys "broad discretion" when, after it accounts for the statutorily required factors, it discharges a defendant's supervised release. United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). The defendant, however, bears the burden of demonstrating that early termination of his supervised release is justified. See United States v. Weber, 451 F.3d 552, 559 n. 9 (9th Cir. 2006).

Title 18 U.S.C. § 3583(e) states:
(e) Modification of conditions or revocation. The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7):
(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice[.]

The Court has considered the following factors under 18 U.S.C. §§ 3553(a): (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

Having considered the factors regarding the Defendant's request to terminate supervision, and good cause being found, and in accordance with Local Rule 7-2(d), the Defendant's Motion for Early Termination of Supervision is **GRANTED**. The Defendant's supervised release is terminated immediately.

Dated this 12th day of September 2025.

_____
Kent J. Dawson
United States District Judge